OPINION *Page 2 
{¶ 1} Defendant-appellant Robert Lundy appeals the decision of the Mahoning County Common Pleas Court which denied his pre-sentence motion to withdraw his guilty pleas. The issue on appeal is whether the trial court soundly exercised its discretion in weighing the factors against plea withdrawal. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On June 26, 2005, appellant was arrested for fourth degree felony assault on a police officer and failure to comply with an order or signal of a police officer, a third degree felony due to causing a substantial risk of physical harm to persons or property. On December 13, 2005, appellant was arrested for improper handling of a firearm in a vehicle, a fourth degree felony, and having a weapon while under disability, a third degree felony.
 {¶ 3} Appellant originally had a different appointed attorney on each case, but he sought and received new counsel in March 2006. This new counsel was then replaced in September 2006. Throughout the life of the cases, numerous pretrials were held; some concluded with rejected plea offers, and some were continued for further negotiations.
 {¶ 4} On February 12, 2007, appellant pled guilty as charged. In return, the state recommended concurrent, non-maximum sentences and agreed not to oppose judicial release. The court ordered a pre-sentence investigation and set the case for an April 4, 2007 sentencing hearing.
 {¶ 5} At that sentencing hearing, appellant orally asked to withdraw his plea. Counsel advised that appellant was asserting his innocence and that appellant reluctantly took the plea after counsel "push[ed] him pretty hard." (Tr. 3, 18). Counsel advised that appellant had a defense. (Tr. 17-18). Apparently regarding the first case, appellant voiced that it was vital to his defense to realize that there were over seventeen police officers present on the night of his arrest but only three or four were listed as witnesses, without claiming that this was new evidence. He also vaguely claimed that he needed pictures of his vehicle from the impound lot. (Tr. 11).
 {¶ 6} Apparently regarding the second case, appellant stated that there were four people in the vehicle when it was stopped, he was in the back seat of the vehicle, he did not know there was a gun in the vehicle and his fingerprints were not on the *Page 3 
gun. (Tr. 12). He also opined that speedy trial time in this second case ran out on March 13, 2006, which is ninety days from the date of his arrest. However, the court and his attorney explained that various events tolled the time and that a speedy trial motion would have been frivolous. (Tr. 16-17). Notably, on March 1, 2006, a joint continuance was granted due to ongoing plea negotiations, and then, when the case was recalled for the plea, appellant sought new counsel.
 {¶ 7} The court then reviewed what was covered at the Crim.R. 11 plea hearing. Appellant fully admitted that he had completely understood the nature of the charges and the features of sentencing and that his plea was voluntary and freely entered. (Tr. 4-10, 16). It was also noted that appellant has had four different attorneys with whom to confer. Appellant disclosed that he was pleased with his current counsel. (Tr. 13).
 {¶ 8} The state complained about the lateness of the motion. (Tr. 14). Appellant claimed that he mailed the motion on March 29, 2007, but it was returned to him in the mail. (Tr. 2, 14). The court noted that the April 4, 2007 sentencing hearing had been set since the time of the February 12, 2007 plea hearing and found the timing of this last minute plea withdrawal motion to be unreasonable. (Tr. 15, 25).
 {¶ 9} When asked about prejudice, the prosecutor explained that he was not the same prosecutor that was involved in the indictment process or plea negotiations, and thus, due to the late motion, he was not prepared to argue the entirety of the state's prejudice. He then ventured that appellant's first case was nearing two years old and the investigators have moved on to other matters. (Tr. 19-21). Defense counsel countered that all officers are still employed and prejudice was not apparent. (Tr. 24).
 {¶ 10} The court denied the plea withdrawal motion, orally concluding:
 {¶ 11} "This court having conducted a hearing that is required under the circumstances that prevail here at the last minute prior to sentencing is satisfied that the defendant himself, by virtue of his representation, particularly through Attorney Lavelle and the other lawyers that were involved in this matter, fully understood the consequences and the necessities that are required in a situation of this significance." (Tr. 25)
 {¶ 12} This denial was also noted in the court's April 5, 2007 sentencing entry, which sentenced appellant as recommended. Appellant filed timely notice of appeal. *Page 4 
 ASSIGNMENT OF ERROR {¶ 13} Appellant's sole assignment of error provides:
 {¶ 14} "THE TRIAL COURT ERRED IN FAILING TO ALLOW THE DEFENDANT TO WITHDRAW HIS PLEA PRIOR TO SENTENCING, PURSUANT TO CRIM.R. 32.1."
 {¶ 15} Pursuant to Crim.R. 32.1:
 {¶ 16} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 17} This rule provides a strict test for deciding a post-sentence motion to withdraw a guilty plea, but gives no guidelines for deciding a presentence motion. State v. Xie (1992), 62 Ohio St.3d 521, 526. According to case law, the trial court must conduct a hearing on the motion and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. Id. at 527. A presentence motion to withdraw a guilty plea shall be freely and liberally granted, but the decision on said motion is within the trial court's sound discretion. Id. at 526, 527. Thus, the appellate court reviews for an abuse of discretion and can reverse only if the trial court acts unreasonably, arbitrarily or unconscionably. See id.
 {¶ 18} Some of the factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. State v.Cuthbertson (2000), 139 Ohio App.3d 895, 898-899 (7th Dist.); State v.Thomas (Dec. 17, 1998), 7th Dist. Nos. 96CA223, 96CA225, 96CA226. The list is not exhaustive. Thus, other factors deemed relevant can be considered as well. Although prejudice to the state is said to be a very important factor, no one factor is conclusive. Cuthbertson,139 Ohio App.3d at 799, citing Fish, 104 Ohio App.3d at 239-240. *Page 5 
 {¶ 19} Appellant weighs the factors by describing the court's consideration of his motion and the hearing thereon as short and lacking in substantive discussion. He claims that the state failed to establish prejudice since it had been less than two months since the time the plea was entered and there was no indication of lost evidence or the like. Appellant states that his reason for withdrawal was valid as he had a defense and his attorney admitted to pushing him pretty hard.
 {¶ 20} First, contrary to appellant's contention, the hearing on appellant's plea withdrawal motion covered all factors at the court's guided direction. Also contrary to appellant's argument, the court expressed its opinion on the factors of counsel's advice/competency, an untimely motion, a full Crim.R. 11 hearing, an understanding of the nature of the charges and penalties, and a full hearing on the withdrawal motion. The withdrawal motion hearing was not abbreviated as appellant asserts but covered all grounds and allowed appellant to speak freely about his claims.
 {¶ 21} As for the Crim.R. 11 hearing, appellant does not dispute its compliance. In fact, at the withdrawal motion hearing, he fully admitted that he had understood the natures of the charges, the penalties and the general implications of his plea. There is no indication that counsel was lacking, and appellant specifically expressed that he was pleased with his counsel. The only area he disagreed with was speedy trial, and his attorney's position on that topic was fully supported. We also note that counsel did not sit idly by at the plea withdrawal hearing but zealously assisted him in presenting his motion. Cf.Cuthbertson, 139 Ohio App.3d at 799.
 {¶ 22} Next, we must emphasize that appellant waited until the sentencing hearing to orally request withdrawal of a plea that took place nearly two months prior. This last minute motion practice is soundly discouraged absent unusual circumstances. Although he claims he unsuccessfully attempted to mail a motion a few days before the hearing, he did not provide evidence of this failed attempt. Either way, he waited over six weeks after the plea was entered to seek withdrawal. Cf.Cuthbertson, 139 Ohio App.3d at 799 (where defendant had written a letter to the court explaining his reasons desiring withdrawal a mere week after his plea and two weeks before sentencing). The trial court can reasonably weigh this factor unfavorably to appellant and find that the timing was unreasonable, especially since no reasons were expressed for the lack of timeliness. *Page 6 
 {¶ 23} We also note that appellant's situation is not a case of a quick plea deal after an arrest. Rather, his first case was pending twenty months before his plea was entered, and his second case was pending fourteen months before such time. Additionally, he was provided an inordinate amount of pretrials with the attendant opportunities for plea negotiation and time for thoughtful consideration of the various offers.
 {¶ 24} Appellant's reasons for withdrawal were expressed in that counsel stated that he pushed appellant pretty hard to accept the plea. His allegation of a complete defense was satisfactorily explained regarding the second case. However, his defense for the first case was not clear. True, prejudice to the state was not established to be beyond that existing in any case of plea withdrawal. However, the state was not prepared to address this topic due to the untimeliness of the motion, and no one factor is dispositive.
 {¶ 25} Weighing all of the factors and considering all of the circumstances existing in this case, we conclude that the trial court's decision was not unreasonable, arbitrary or unconscionable. Although the trial court could have granted the motion if it desired and although the individual judges here may have granted that motion if they sat in the shoes of the trial court, we cannot say the trial court's decision here to deny the motion was an abuse of discretion. As such, this assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1