[Cite as *State v. Morris*, 2014-Ohio-882.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   13 MA 19 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JOSEPH MORRIS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                            Court, Case No. 12CR446.


JUDGMENT:                                        Affirmed.


<u>APPEARANCES</u>:
For Plaintiff-Appellee:                        Attorney Paul Gains
                                                            Prosecuting Attorney
                                                            Attorney Ralph Rivera
                                                            Assistant Prosecuting Attorney
                                                            21 West Boardman Street, 6th Floor
                                                            Youngstown, Ohio  44503


For Defendant-Appellant:                  Attorney Damian Billak
                                                            6715 Tippecanoe Road,
                                                            Building F, Suite 100
                                                            Canfield, Ohio  44406


<u>JUDGES</u>:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                                            Dated:  March 5, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Joseph Morris appeals the decision of the Mahoning County Common Pleas Court which denied his presentence motion to withdraw his guilty plea made on the day of sentencing, which was seven weeks after the plea had been entered. He urges that the factors weigh in favor of allowing plea withdrawal. However, we conclude that the trial court did not abuse its discretion in weighing the factors. In accordance, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶2} On March 16, 2012, appellant was arrested for possession of cocaine after a traffic stop in Struthers, Ohio. Within days, the court appointed an attorney, who represented appellant throughout the trial court proceedings. Appellant was thereafter indicted for fifth-degree felony possession of drugs in violation of R.C. 2925.11(A),(C)(4)(a).

{¶3} On May 20, 2012, his attorney filed a motion for intervention in lieu of conviction under R.C. 2951.041, and the court ordered a forensic examination for this purpose. However, appellant did not submit to such an evaluation, and when the case was called for a status hearing in October, counsel withdrew the motion for intervention (on appellant's request) and asked the court to set the matter for a plea hearing on November 13. (Plea Tr. 6). When appellant failed to appear on November 13, 2012, the court issued a bench warrant for his arrest, which did not occur for a couple of weeks.

{¶4} On December 4, 2012, the rescheduled plea hearing came before the court. The prosecution placed on the record that the offer negotiated by defense counsel was that the state would recommend community control if appellant pled to the offense but that appellant was rejecting the offer because he wanted new counsel. Defense counsel stated that appellant is not comfortable with her and that he feels like he does not understand her. (Plea Tr. 3). But, she stated that just before the judge walked into the courtroom, appellant may have changed his mind and she asked for time to confer with appellant. (Plea Tr. 3-4).

**{¶5}** Appellant then stated that he and his attorney have had communication difficulties from the start. He stated, "at this point I think I finally get exactly what the options are. I just wanted a few minutes to, you know, review each of them and decide what I wanted to do." (Plea Tr. 4). He expressed that he originally did not "understand exactly what was going on step by step along the way" but that "I think I finally do, and I just wanted to take a minute and look at the different things and decide what I wanted to do." (Plea Tr. 4-5).

**{¶6}** The court thus asked if he wanted time to decide whether he wanted to take the state's offer, but appellant responded, "No, Your Honor, I can't do that." (Plea Tr. 5). Upon further questioning, he disclosed that he wanted to consider refiling his motion for intervention in lieu of conviction. (Plea Tr. 5-6). The state objected and asked that the case be set for trial, pointing out that the case has been pending since March, the motion was filed months ago but later withdrawn, the defendant had enough time to consider his options, and the defendant already had a prior felony drug possession offense reduced to a misdemeanor. (Plea Tr. 6-7). The court agreed that the intervention in lieu of conviction is no longer an option. (Plea Tr. 7).

**{¶7}** Appellant then decided that he would maintain his attorney's representation and accept the state's plea offer, stating: "If that's off the table, I'd just as soon take the other -- the other offer she had today and just be done with it. Having another lawyer I don't think's going to change anything at this point. I don't want to waste anymore of the court's time. I'll go with that then." (Plea Tr. 7). The court still offered to appoint new counsel and continue the matter, but appellant clarified that he now wished to proceed to plead with current counsel. (Plea Tr. 8). The court then called for a recess so that appellant could further confer with his attorney. (Plea Tr. 9).

**{¶8}** When the case came back on the record, defense counsel withdrew her motion to withdraw as counsel. The state placed the plea agreement on the record. The court read the indictment and ensured that appellant understood all of the rights he would be waiving by pleading guilty. (Plea Tr. 11-13). The court explained that

sentencing is up to the judge and that he could be sentenced that day but would not be as the court was ordering a presentence investigation. (Plea Tr. 13-14). The court stated that the maximum penalty was 12 months in prison, a $2,500 fine, and a license suspension ranging from six months to five years. (Plea Tr. 14). The court then detailed post-release control in the event of a prison sentence. (Plea Tr. 14-15). The court ensured that appellant was not under the influence of any substance, that he could read, that he went over the agreement with his counsel, that he had no questions about it, that he signed the agreement, and that he wished his signature to stay on it. (Plea Tr. 15-16).

{¶9} The court then accepted appellant's guilty plea. The defense requested bail be set again as appellant had been held on the bench warrant without bond. The state did not object but requested that it not be merely a recognizance bond. The court ordered bond of $2,500 with 10% acceptable, and appellant made bail. The court set sentencing for January 24, 2013 at 10 a.m.

{¶10} Around 6 p.m. on January 22, 2013, appellant faxed a letter to his attorney, stating, "In reviewing my current situation, I did not fully understand the ramifications of my plea." He then asked counsel to withdraw his plea. The letter also told counsel to "file a motion to enter me into Columbiana County's equivalent of Drug Court." The letter was provided to the (Mahoning County) court just prior to sentencing.

{¶11} At the beginning of the sentencing hearing, defense counsel informed the court that appellant wished to withdraw his guilty plea and wanted new counsel. Counsel read the letter to the court. (Tr. 3). Counsel stated that appellant claims his plea was not entered voluntarily, knowingly, and intelligently and he believed the plea was the only way to be released from jail (on the bench warrant). (Tr. 3-4).

{¶12} The court asked if appellant recalled the reading of the indictment at the plea hearing and the explanation of all of the rights he would be waiving, and the court then restated those rights. (Tr. 5-6). The court noted that appellant could read and that he had assured the court that he read the agreement with his lawyer. (Tr. 6-7). Appellant agreed that he understood at the plea hearing that he could be

sentenced to one year in prison, be fined $2,500, and suffer a license suspension of six months to five years. (Tr. 8). The court pointed out that his bond had already been reduced due to the guilty plea. (Tr. 7).

{¶13} The state protested that the case was nearly a year old, was not complicated, and there is no claim of actual innocence here, revealing that when the officer asked appellant if he had anything else in his car, appellant responded that he had a rock of crack which was then discovered. (Tr. 9-10, 13). The state disclosed that appellant is familiar with the system and his rights, stating that although he has no felony conviction, he has numerous misdemeanor convictions and his last felony charge was already reduced to a misdemeanor. (Tr. 10). The state mentioned that appellant benefited from the plea as he was provided a bond which he posted and that the plea agreement was favorable as the state agreed to recommend community control. (Tr. 10-11).

{¶14} The prosecution opined that appellant's counsel vigorously advocated for him, negotiating the plea, trying to get him into and then back into intervention, and asking for an amendment of the charges. The state expressed that the court's plea colloquy was thorough and that there was no question that appellant knew what he was doing. (Tr. 11). The state concluded that the only perceivable basis for withdrawal was to prolong the case unnecessarily, suggesting that this seems to have been appellant's intent all along. (Tr. 9-10, 12). As for prejudice, the state noted that the request for intervention delayed the process by months and then he failed to appear twice, causing nearly a year to pass. The state also mentioned that officers make many traffic stops and that memories fade as time passes. (Tr. 12).

{¶15} Defense counsel agreed that the court's plea colloquy was thorough. Counsel stated that appellant wanted another lawyer to file a motion for intervention in lieu of conviction. Appellant then added that he had not slept in the four days before his plea and that he "wasn't fully understanding all the ramifications of what that involved." (Tr. 13). The court then overruled the plea withdrawal motion and the motion for counsel's withdrawal.

**{¶16}** The court imposed a jail sentence of 180 days suspended upon one year of successful community control which included completion of the in-house program at the Community Corrections Association. *See* 01/29/13 J.E. and 02/04/13 J.E. The court also suspended appellant's driver's license for six months. Appellant filed a timely notice appeal.

ASSIGNMENT OF ERROR

**{¶17}** Appellant's sole assignment of error contends:

**{¶18}** "The trial court abused its discretion in denying Appellant's pre-sentence motion to vacate his plea thereby requiring reversal."

**{¶19}** Absent a manifest injustice, a motion to withdraw a guilty plea can only be made prior to sentencing. Crim.R. 32.1. The rule provides no standard for ruling on a presentence motion to withdraw a plea. The Supreme Court has stated that such a motion "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Still, the Court recognized that a defendant does not have an absolute right to withdraw a guilty plea merely because he makes his motion prior to sentencing. *Id.* There must be a reasonable and legitimate basis for plea withdrawal. *Id.*

**{¶20}** Such a decision lies within the sound discretion of the trial court and will not be disturbed by a reviewing court absent an abuse of discretion. *Id.* A mere error in judgment is not an abuse of discretion; rather, we only reverse if the denial of plea withdrawal was unreasonable, arbitrary, or unconscionable. *Id.* The good faith, credibility, and weight of the movant's assertions in support of a Crim.R 32.1 motion are primarily questions for the trial court. *Xie*, 62 Ohio St.3d at 525 (presentence motion case), applying *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977) (a post-sentence motion case).

**{¶21}** This court has set forth a non-exclusive list of factors to be weighed in considering whether to allow presentence plea withdrawal: (1) defense counsel's representation, (2) whether the defendant understood the nature of the charges and potential sentences, (3) the extent of the plea hearing, (4) the extent of the plea withdrawal hearing, (5) whether the trial court gave full and fair consideration to the

motion, (6) the reasons for the motion, (7) whether the accused was perhaps not guilty or had a complete defense to the charge, (8) whether the timing of the motion was reasonable, and (9) whether the state will be prejudiced by withdrawal. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000), citing the factors first set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

{¶22} As the list is non-exclusive, a court can find other factors relevant as well. For instance, the length of time between the charges and the plea and the various occurrences on the docket prior to the plea are also relevant considerations that can support a determination that there existed thoughtful consideration of the plea and the ramifications of it versus taking the case to trial. *State v. Lundy*, 7th Dist. No. 07MA82, 2008-Ohio-1535, ¶ 23. As the evaluation of the factors is a matter of weighing, no one factor is conclusive. *State v. Leasure*, 7th Dist. No. 01BA42, 2002-Ohio-5019, ¶ 19 (lack of prejudice to state is important, but the mere lack of prejudice does not mandate plea withdrawal); *Cuthbertson*, 139 Ohio App.3d at 899 (reversing denial of plea withdrawal where no indication of prejudice to the state, counsel was not very involved in the request, the defendant claimed he was not murderer but was merely a witness, and the motion was timely filed two weeks before the sentencing hearing and a mere week after the plea). We proceed to review the factors in light of the particular circumstances in this case.

{¶23} Regarding the representation afforded by defense counsel, appellant's attorney filed the motion for treatment in lieu of conviction as appellant requested; the court ordered a forensic examination as a result. However, appellant failed to appear, and counsel withdrew the request as appellant requested. The prosecutor stated that defense counsel advocated appellant's case effectively, unsuccessfully pressing for amendment to a misdemeanor, trying for the treatment option multiple times, and negotiating a recommendation of community control. (Sent. Tr. 11). The court inquired into the representation at the plea hearing as well. No specifics as to why appellant believed there was miscommunication were voiced at that time. And, there is still no explanation as to how exactly the representation was lacking.

{¶24} No allegations regarding the sufficiency of the Crim.R. 11 plea hearing are made here. It is clear the defendant understood the nature of the charges, his rights, and the potential sentences. The plea hearing and plea withdrawal hearing show that these matters were explained, and the written plea signed by appellant confirms this as well. The plea hearing was thorough as urged by the state and admitted by defense counsel.

{¶25} As to the fourth factor, an acceptable hearing on plea withdrawal was also provided where the court reconfirmed that, at the time of the plea, appellant understood all of his rights and knew the elements and the maximum sentence. The state presented a fairly thorough argument against plea withdrawal, notwithstanding that it was not given a chance to prepare for the motion. Appellant was provided the opportunity to place his arguments into the record. Defense counsel recited appellant's letter and had already provided the court with a copy. Counsel informed the court that appellant did not believe his plea was voluntary, knowing, and intelligent, explaining that appellant felt that pleading was the only way to be released from jail after his arrest on the bench warrant. Counsel disclosed that appellant wanted treated in lieu of conviction. Appellant spoke briefly, stating that he had not slept for four days before the plea and that he did not fully understand all of the ramifications.

{¶26} On the fifth factor, appellant claims that the trial court did not give full and fair consideration to the motion. However, the court heard arguments by the state and by the defense. No one was cut off by the court. The court did not prejudge the motion before hearing everything everyone wanted to say. Contrary to any suggestion, there is no requirement that the trial court make findings as to its weighing of the factors. We also note that after the state presented its arguments against plea withdrawal, the court asked the state about prejudice, thus further evincing that the court was considering the factors.

{¶27} As for appellant's reasons for the motion, the sixth factor, these were not clear and could be considered unconvincing. He stated that he did not sleep four days before the plea hearing, which is something for the trial court to consider and

accept as a true and/or literal statement or not. Appellant said that at the time of his plea, he did not understand the ramifications of the plea. However, he did not explain what ramifications he did not fully understand at the time of the plea which caused him to want to withdraw it, and the court had no duty to attempt to drag specifics out of him.

{¶28} He knew he could get a full year in prison (but he did not receive such a sentence of incarceration and instead received one year of community control.) He said he was trying to resolve his drug problem (and he received the in-house CCA program). He knew the maximum fine was $2,500 (and he received no fine). He knew his driver's license could be suspended for between six months and five years (and his license was suspended for the minimum term). He knew the treatment in lieu of conviction was off the table. In short, appellant has not explained what ramifications he has since discovered that he was previously unaware of. Rather, his reasons could be seen as a mere a change of heart, which does not constitute grounds to grant a motion to withdraw a plea. *See State v. Kramer*, 7th Dist. No. 01CA107, 2002-Ohio-4176, ¶ 50.

{¶29} As for the seventh factor, there is no suggestion that he was not guilty or had a complete defense to the charge. There is no indication of any defense or tactic, except maybe the tactic of delay as the state suggests. Moreover, the case was not complicated, appellant told an officer during a traffic stop that he had crack cocaine, this crack cocaine was then retrieved, and appellant took responsibility and admitted what he did was wrong at sentencing.

{¶30} Under the eighth factor, the timing of the motion was not reasonable. We have held that filing a plea withdrawal motion filed on the day of sentencing, six weeks after plea was entered, is a last minute motion practice that should be discouraged absent unusual circumstances. *State v. Lundy*, 7th Dist. No. 07MA82, 2008-Ohio-1535, ¶ 22. Here, appellant faxed his request to counsel after office hours and thus essentially did not inform his attorney about his change of heart until the day before sentencing. The motion was then filed with the court on the morning of sentencing. The sentencing hearing had been set since the day of the plea, which

was entered *more than seven weeks* prior to sentencing. There is no explanation for the lateness of the request.

{¶31} As for prejudice to the state, the prosecution voiced that the request for intervention delayed things by months and then he failed to appear twice, causing nearly a year to pass. The state mentioned that officers make many traffic stops and that memories may fade as time goes by. (Sent. Tr. 12). Also notable to this factor is the fact that the motion was not filed until sentencing so the state did not have time to fully prepare a response or contemplate all of the various instances of prejudice it may suffer. In any event, prejudice is merely one factor.

{¶32} Finally, this was not a quick plea entered shortly after the charge. Appellant had time to consider his options. He wanted treatment in lieu of conviction and should have pursued that option when he was originally scheduled for forensic examination. By the time of the plea, he had failed to appear twice and his ability to engage in said option had passed. Furthermore, appellant had experience with the court system. As the state pointed out, he had a prior felony possession charge amended to a misdemeanor attempted possession charge in 2011; he also had various drug paraphernalia charges and convictions and also convictions for disorderly conduct, trespass, obstructing official business, and failure to comply with a signal of an officer.

{¶33} Considering all of the factors, a reasonable trial court could weigh them in favor of the state and use its discretion to deny appellant's presentence plea withdrawal motion  For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, P.J., concurs.