[Cite as *State v. Hundley*, 2023-Ohio-3598.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GREGORY HUNDLEY, JR.

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0070**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 237

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Robert T. McDowall, Jr.*, Robert T. McDowall Co., LLC, 415 Wyndclift Place, Youngstown, Ohio 44515, for Defendant-Appellant

Dated: September 29, 2023

---

---

**WAITE, J.**

**{¶1}** Appellant Gregory Hundley, Jr. was charged with having a weapon under a disability, obstructing official business, and violating a protection order. Appellant pleaded guilty to the charges, but filed a motion to withdraw his guilty plea eight months after the plea was entered and a few weeks before sentencing.

**{¶2}** Once his motion to withdraw was denied, Appellant was sentenced to four years in prison. Appellant contends on appeal that his motion to withdraw was timely filed, that the state would not suffer prejudice if he was allowed to withdraw his plea, and that the affidavit provided a sufficient reason for the plea withdrawal. As the record shows Appellant's motion to withdraw his plea was properly denied, the judgment of the trial court is affirmed.

Case History and Facts

**{¶3}** On April 16, 2021, Aaliyahia Spivey called the Youngstown Police Department requesting assistance at 40 East Judson Street in Youngstown, the residence of Arthaia Barksdale. Spivey is Barksdale's granddaughter, and Spivey and her child were living in Barksdale's home. Appellant is the father of Spivey's child. Spivey told the police that Appellant was trying to kick the front door in and that he was in violation of a civil protection order. When the police arrived, Spivey or Barksdale told them that Appellant was gone, and was driving Spivey's black Jeep Liberty SUV. Spivey gave them the license plate number of her vehicle. She also told them that Appellant might have a gun.

**{¶4}** Another police cruiser arrived in the vicinity of Barksdale's home and these officers spotted the Jeep SUV and began pursuit. Officers attempted to make a traffic

stop, but when Appellant pulled the car over and stopped on Sherwood Avenue, he fled the vehicle on foot. As he ran, police noticed he had a gun in his hand. The police followed and caught Appellant hiding under a porch a short distance away from where he fled the SUV. Appellant did not have a weapon in his possession when he was caught, but police recovered the weapon near the location where he had exited the SUV. Appellant was immediately arrested and a felony indictment followed on May 6, 2021, containing four charges along with two firearm specifications. Appellant had a record containing prior felony convictions.

{¶5} Pursuant to a Crim.R. 11 plea agreement, on August 19, 2021, Appellant pleaded guilty to having a weapon under a disability in violation of R.C. 2923.13(A)(3), a third degree felony; obstructing official business pursuant to R.C. 2921.31(A), a fifth degree felony, along with a one-year firearm specification under R.C. 2941.141(A); and violating a protection order in violation of R.C. 2919.27(A), a first degree misdemeanor. The state agreed to dismiss the charge of improperly handling a firearm in a motor vehicle along with a three-year firearm specification. The parties agreed to recommend a sentence of three years in prison for the two felonies, to run concurrently, and one year for the firearm specification which was to run consecutively, for a total of four years in prison.

{¶6} Sentencing was initially scheduled for October 21, 2021, but was continued twice at Appellant's request. When Appellant did not appear for a December 16, 2021 sentencing hearing, a bench warrant was issued. Appellant was apprehended and sentencing was reset for April 11, 2022. It was again continued at Appellant's request, until May 25, 2022.

Case No. 22 MA 0070

{¶7} On May 2, 2022, Appellant filed a motion to withdraw his guilty plea. The motion was based on an affidavit signed by Aaliyahia Spivey dated April 11, 2022, in which she stated that her original police call was falsely made, and now claiming that Appellant did not try to break into her home with a gun, the firearm Appellant was caught with was hers, and that Appellant borrowed her Jeep SUV without knowing she had left a loaded firearm in the car.

{¶8} A hearing on the motion was held at the beginning of the May 25, 2022 sentencing hearing. It was revealed at the hearing that Arthaia Barksdale (Spivey's grandmother) had recently passed away. This would prejudice the state's case if the plea were withdrawn, since Ms. Barksdale was to be a key state's witness. Appellant's counsel noted that Spivey's affidavit contained an admission that she lied to the police on April 16, 2021. Counsel also argued that the affidavit amounted to new evidence in the case that could result in a different plea agreement or modified charges. The court evaluated the factors for considering a presentence motion to withdraw a guilty plea and concluded that Spivey's affidavit did not impact the charges that were actually brought against Appellant, he understood the guilty plea he made, the motion to withdraw was not timely filed, and that the state would be prejudiced by granting the motion. The motion to withdraw was overruled.

{¶9} The court sentenced Appellant to three years in prison for having a weapon while under a disability, one year for obstructing official business, and 180 days for violating a protection order, to run concurrently, and one year for the firearm specification to run consecutively, for a total of four years in prison. This timely appeal followed.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA ENTERED ON OR ABOUT AUGUST 20, 2021.

{¶10} Appellant contends the trial court should have allowed him to withdraw his guilty plea based on new evidence contained in the affidavit of Aaliyahia Spivey, who had called police on April 16, 2021, requesting assistance at 40 East Judson Street. In her affidavit she stated that Appellant did not try to break into her home with a gun, he did not know there was a gun in the car he borrowed, and that the gun belonged to her. Appellant also believes that the motion to withdraw was filed in a timely manner and that the state would not be prejudiced by the plea's withdrawal even though a witness had died.

{¶11} In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.* Crim. R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} This rule provides a clear and demanding standard for deciding a postsentence motion to withdraw a guilty plea, but gives no guidelines for deciding a presentence motion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). While a presentence motion to withdraw a plea shall be freely and liberally granted, *Id.* at 527, nevertheless, the trial court must determine "whether there is a reasonable and legitimate

basis for the withdrawal of the plea." *Id.* Furthermore, "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.*

**{¶13}** A ruling on a presentence motion to withdraw a plea is within the sound discretion of the trial court. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898, 746 N.E.2d 197 (2000). An abuse of discretion is more than an error of judgment; it implies a decision that is unreasonable, arbitrary, or unconscionable. *Xie* at 528. "[U]nless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion." *Id.* at 526.

**{¶14}** This Court has adopted a list of nine factors which must be weighed when considering a presentence motion to withdraw a plea: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13; see also *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995) (*Fish* lists eight factors). This list is non-exhaustive and other factors may be considered. *State v. Lundy*, 7th Dist. Mahoning No. 07 MA 82, 2008-Ohio-1535, ¶ 18. Consideration of the factors involves a balancing test, and no single factor is conclusive. *Scott* at ¶ 13.

**{¶15}** Appellant concedes that most of the *Scott* factors weigh in the state's favor. Appellant's primary argument is that the existence of Spivey's affidavit of April 11, 2022, alone, presents a valid reason to withdraw his plea, relying on factor number eight. While

Case No. 22 MA 0070

Appellant believes Spivey's affidavit would absolve him of guilt, on closer inspection the affidavit is not actually relevant to most of the charges brought against Appellant. It is undisputed that the original call to the police took place. Police responded to Spivey's call that Appellant was trying to break into Arthaia Barksdale's home and that he was violating a protection order simply by being there. She also told the police that when Appellant left he was driving a Jeep SUV and that he may have a gun. Whether or not she was lying about this information does not change the fact that this is what she told the police and that they began an investigation based on the information. The police quickly spotted the SUV and followed it, leading Appellant to flee the vehicle carrying a gun, dispose of the gun, hide under a porch, and leading to his apprehension by the police. Appellant's charges primarily arose from the police chase, Appellant's brandishing of the gun and throwing it away, and the fact that he had control of the gun while under a disability based on his prior felony convictions. Appellant's charges arose from actions he took once police followed him, not whether Spivey lied in her 911 call or not. Appellant pleaded to charges of having a weapon under a disability, obstructing official business and violating a protective order. The record, even absent Spivey's assertion in her 911 call, fully supports conviction on these charges. The record also reveals Spivey's claim in the affidavit that Appellant did not know the gun was in the car is contradicted by the fact that he took the gun out of the car with him when he fled the vehicle.

{¶16} It appears the trial court determined that Spivey's affidavit was not credible or relevant. "[A] trial judge need not take an affidavit at face value but may, in the exercise of discretion, judge the credibility of an affidavit submitted in support of a motion to withdraw a plea in determining whether to accept the affidavit as true statements of fact."

*State v. Kongkeo*, 8th Dist. Cuyahoga No. 96691, 2012-Ohio-358, ¶ 4. At hearing on this matter, the trial judge stated that the "quote, newly discovered evidence, end quote * * * I'm not sure that has any effect on the case, the way its stated." (5/25/22 Tr., p. 21.)

**{¶17}** Even if the affidavit supported, in some small part, a valid reason for Appellant's request to withdraw his plea, none of the other factors in *Scott* or *Fish* support such withdrawal. Appellant raises only two factors that may be favorable to his request. Appellant argues that the timing of the motion to withdraw was reasonable. Appellant signed his plea agreement on August 19, 2021, and it was accepted by the court on August 20, 2021. The motion to withdraw was filed on May 2, 2022, more than eight months after the plea was entered and just three weeks before sentencing. Sentencing had been delayed until May 25, 2022 only due to multiple requests for continuances by Appellant and also by his failure to appear at the December 16, 2021 sentencing hearing. We have held that as much as three months and as little as six weeks were unreasonable amounts of time to wait before filing a motion to withdraw a plea. *State v. Williams*, 7th Dist. Mahoning No. 09-MA-74, 2010-Ohio-1292; *State v. Calloway*, 7th Dist. Mahoning No. 10 MA 147, 2011-Ohio-4257; *State v. Christian*, 7th Dist. Mahoning No. 16 MA 0148, 2017-Ohio-9373. Therefore, this factor does not weigh in his favor, as he suggests.

**{¶18}** To buttress his claim in this regard, Appellant argues that Spivey's affidavit was filed on April 11, 2022. Using this date, instead of the date on which the court accepted his plea, Appellant believes only a little over a month elapsed from the time the "new evidence" was presented to the date he requested to withdraw his plea. However, the record does not reflect that the affidavit was actually filed on April 11, 2022. The affidavit was attached to Appellant's May 2, 2022 motion to withdraw. In any event, as it

is clear the trial court did not believe the assertions in the affidavit were credible or entirely relevant, this does not support Appellant's timeliness argument.

{¶19} Appellant also contends that the state would not be prejudiced by granting the motion to withdraw despite the death of Arthaia Barksdale, because she was not a victim and was otherwise not particularly relevant to this case. It is difficult to understand Appellant's argument, as the call to police originated at Barksdale's home and consisted of a request for police to assist her and her granddaughter at her residence. The call involved the violation of a civil protection order that was also to protect Barksdale and her home. The state argues that Barksdale's testimony would have been crucial, as she would have rebutted Spivey's altered version of events set forth in her affidavit, further eroding the credibility of the affidavit. Appellant proposed at oral argument that one of the purposes of seeking to withdraw his plea was to allow him to file a motion to suppress, assumedly to suppress the 911 call. Appellant's contention supports the state's position that Barksdale would have provided key evidence about the initiation of police involvement in this case, particularly if Spivey continued to recant her initial statements to the police. Loss of this witness weighs heavily in favor of the state.

{¶20} Based on this record, Appellant has not shown that the trial court abused its discretion in overruling his motion to withdraw the guilty plea. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

### Conclusion

{¶21} Appellant seeks reversal of the trial court's decision to deny a presentence motion to withdraw his guilty plea. The motion was primarily based on the affidavit of Aaliyahia Spivey, who initially called the police. In the affidavit she essentially recanted

Case No. 22 MA 0070

the information she told police in the call.  The trial court denied the motion to withdraw. Appellant contends on appeal that his motion to withdraw was timely filed, that the state would not suffer prejudice if it was granted, and the affidavit provided a sufficient reason to allow withdrawal.  The record shows that the motion to withdraw was not timely filed, the state would be prejudiced due to the intervening death of a witness, and the affidavit would have no effect on the charges that were filed against Appellant.  The judgment of the trial court is affirmed.

Robb, J. concurs.

D'Apolito, P.J. concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**