[Cite as *State v. Bunn*, 2021-Ohio-2413.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JERMAINE BUNN JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 MA 0094

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19 CR 843

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor*, Atty. Ralph M. Rivera,* Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee *and*

*Atty. Rachel Cerni,* Cerni Law, LLC, 3685 Stutz Drive, Suite 100, Canfield, Ohio 44406 for Defendant-Appellant.

Dated: June 7, 2021

_____

**Robb, J.**

**{¶1}** Defendant-Appellant Jermaine C. Bunn appeals the decision of the Mahoning County Common Pleas Court denying his motion to withdraw a guilty plea. He contends the trial court abused its discretion in weighing the factors relevant to a presentence plea withdrawal. He also claims counsel rendered ineffective assistance by not fully presenting the matter of the co-defendant's plea to the trial court. For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

**{¶2}** On October 17, 2019, Appellant was indicted with the offense of having a weapon while under disability for knowingly acquiring, having, carrying, or using a firearm after a 2017 conviction of aggravated drug possession. *See* R.C. 2923.13(A)(3). The offense was a third-degree felony.

**{¶3}** In the same indictment, Appellant was jointly charged, along with Elizabeth Martel-Velazquez, with the offense of improperly handling a firearm in a motor vehicle for knowingly transporting or having a loaded firearm in a motor vehicle in such a manner that the firearm was accessible to the operator or passenger without leaving the vehicle. *See* R.C. 2923.16(B). This offense was a fourth-degree felony.

**{¶4}** Discovery was provided to the defense, which included the jail calls of both defendants and the police report (which was also attached to the original municipal court complaint). The jury trial was set for December 2, 2019. At the pretrial on November 18, 2019, the co-defendant pled guilty, Appellant waived his speedy trial rights, and the jury trial was continued. Due to the unavailability of his original attorney, Appellant was appointed a new attorney, who appeared at the pretrial with him and secured a lower bond. (11/20/19 J.E.).

**{¶5}** In January 2020, the defense filed a motion to suppress setting forth factual background and arguments on the stop, the extension of the detention, and the search of the vehicle. The state's response argued the stop was valid and the smell of marijuana

along with the passenger's admission justified the extension of the detention and the search of the vehicle under Supreme Court precedent.

**{¶6}** The parties recited the facts related to the stop and initial detention: the officer observed illegal window tint on a vehicle which failed to signal sufficiently in advance of a turn; he ran the license plate and discovered the owner was wanted on a warrant from another state; he stopped the vehicle and learned Appellant was driving but was not the owner with the warrant; when the officer communicated with Appellant he detected a strong odor of fresh marijuana, the passenger announced she had just smoked marijuana and her "roach" was in the ashtray; the officer checked Appellant's status in the computer system; and Appellant was detained in handcuffs in the back of the police car so the officer could search the car for the marijuana discussed by the passenger, who was detained by a newly-arrived officer.

**{¶7}** Prompted by the marijuana smell and the passenger's admission, the searching officer opened the driver's door and then: he immediately noticed a pistol magazine in a "map pocket" (by the driver's feet); the 17-round magazine contained 16 rounds; the passenger said there was a gun in the glove compartment; the officer found the gun with the muzzle pointing toward the front of the car and the grip facing to the right, as if it was placed there by a person on the left using their right hand; the gun was loaded with one round in the chamber; and the round matched those in the magazine.

**{¶8}** After *Miranda* rights were read, the passenger reported she did not know the gun was in the glove compartment until she went to retrieve the car's registration for the officer. Appellant reported that he never saw the magazine or firearm and the car belonged to the passenger's uncle.

**{¶9}** On the day set for the suppression hearing, Appellant signed a plea agreement setting forth his decision to plead guilty to the charge of having a weapon while under disability. In exchange, the state dismissed the improper handling of a firearm in a motor vehicle charge. The state also agreed to recommend twelve months in prison (from a maximum of 36 months), leaving Appellant free to argue for a lesser sentence.

**{¶10}** The court accepted the plea at the March 10, 2020 plea hearing. A presentence investigation was ordered, and sentencing was set for April 14, 2020, which

the parties then agreed to reset for May 27, 2020.  On May 22, the parties agreed to continue the sentencing hearing until July 6, 2020 (due to the pandemic).

**{¶11}** Appellant failed to appear for the July 6 sentencing, and a bench warrant was issued for his arrest.  Appellant was arrested on a new charge on July 11, 2020.  Sentencing was set for July 16, but the court granted a continuance on defense counsel's indication that Appellant wished to file a plea withdrawal motion.  (7/17/20 J.E.).

**{¶12}** Appellant's motion to withdraw the guilty plea was filed on July 24, 2020.  The motion said Appellant "is professing his innocence and arguing that he did not knowingly, intelligently, and voluntarily enter his guilty plea."  The motion also pointed out that the firearm "was in the possession of another party, and that person accepted responsibility."

**{¶13}** The state filed a memorandum in opposition which reviewed each factor relevant to a plea withdrawal and argued the balancing of the factors weighed against the motion.  The state submitted the transcript of the plea hearing for the trial court's review.

**{¶14}** On August 6, 2020, the court heard the plea withdrawal motion.  Defense counsel said Appellant believed he poorly advised him to take the plea.  Counsel disclosed, however, that he advised Appellant to take the case to trial.  He wondered if Appellant confused their discussion on the unfavorable chances of the suppression motion with their discussion on the favorable chances at trial.  (Mot.Tr. 5-8, 14).  Defense counsel emphasized the co-defendant took responsibility for possession and ownership of the firearm.  (Mot.Tr. 3, 8).

**{¶15}** Appellant told the court he did not have a clear understanding of what counsel was recommending but also said:  "Although it was all up to me, it was all up to me to decide where I wanted to go with this."  (Mot.Tr. 13).  Appellant suggested he recently realized it made no sense to plead guilty to being in possession of a firearm when he had no knowledge of the gun's presence in the vehicle and someone else took ownership and responsibility for the gun.  (Mot.Tr. 13, 16, 20).  He also said he was innocent.  (Mot.Tr. 21).

**{¶16}** Appellant reminded the court that he denied being under the influence of drugs or alcohol at the plea hearing; he then claimed he had been "on psych meds given to me in the county jail."  (Mot.Tr. 15).  He acknowledged he had prior felony charges and

pleas and was familiar with plea bargaining.  (Mot.Tr. 21-22).  He said he missed the sentencing hearing because he was mistaken on the new date.  (Mot.Tr. 25).  Appellant did not inform his attorney of any desire to withdraw the plea until after he was arrested for a new charge on July 11, 2020; he suggested he did not initiate his plea withdrawal motion earlier because he thought the courts were closed.  (Mot.Tr. 8, 26-27).

**{¶17}** The court denied Appellant's motion for plea withdrawal after making findings on the factors:  Appellant was represented by highly competent counsel; the hearing transcript showed the plea colloquy complied with Crim.R. 11; there was no indication he was under the influence of a medication which would affect his understanding; he understood the nature of the charges and sentencing ranges; he had a similar charge in the past; he was provided a full hearing on the withdrawal motion; the withdrawal factors were fully considered; Appellant's reasons were considered; the magazine's location by Appellant's feet and the gun placement in the glove compartment was suggestive of Appellant's possession; another person taking responsibility for improper handling was not a complete defense to Appellant's offense; the state was not prejudiced (except as to time, which would not outweigh Appellant's rights); and the motion was recently filed (but would not be rejected as untimely).  (Mot.Tr. 31-35).

**{¶18}**  The trial court's decision was memorialized in an August 7, 2020 judgment entry wherein the trial court concluded there was no reasonable and legitimate basis to allow Appellant to withdraw his plea upon the court's consideration of the plea withdrawal factors.  After denying the motion, the court proceeded with the sentencing hearing.  The state withdrew the recommendation of twelve months due to Appellant's failure to appear at the prior sentencing hearing and his commission of a new offense.  (Sent.Tr. 36).  The court nevertheless sentenced Appellant to twelve months in prison.  (Sent.Tr. 41-42); (8/7/20 J.E.).  Appellant filed a timely notice of appeal.

<u>ASSIGNMENT OF ERROR ONE:  PLEA WITHDRAWAL</u>

**{¶19}** Appellant sets forth two assignments of error, the first of which contends:

"The Trial Court erred in overruling Defendant-Appellant's Motion to Withdraw his Plea."

**{¶20}** A plea withdrawal motion is permitted by Crim.R. 32.1, which states a motion to withdraw a guilty plea can only be made prior to sentencing unless there is a

manifest injustice.  Although a presentence plea withdrawal motion "should be freely and liberally granted," a defendant does not have an absolute right to withdraw a guilty plea merely because he made the motion prior to the imposition of sentence.  *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  There must be a reasonable and legitimate basis for a plea withdrawal.  *Id.*

**{¶21}**  The decision on a plea withdrawal motion lies within the sound discretion of the trial court and will not be disturbed by a reviewing court absent an abuse of discretion.  *Id.*  A mere error in judgment is not an abuse of discretion; rather, we can reverse only if the denial of the plea withdrawal motion was unreasonable, arbitrary, or unconscionable.  *Id.*  The good faith, credibility, and weight of the movant's assertions in support of a Crim.R 32.1 motion are primarily questions for the trial court, including the defendant's motive for pleading guilty.  *Id.* at 525.

**{¶22}**  This court has adopted a non-exclusive list of factors to be weighed in reviewing a decision on a presentence plea withdrawal motion:  (1) the representation provided by defense counsel; (2) the defendant's understanding of the nature of the charges and the potential sentence; (3) the extent of the plea hearing; (4) the extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) the reasons for the motion; (7) whether the accused was perhaps not guilty or had a complete defense to the charge; (8) whether the timing of the motion was reasonable; and (9) whether the state would be prejudiced by withdrawal.  *State v. Morris*, 7th Dist. Mahoning No. 13 MA 19, 2014-Ohio-882, ¶ 21, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

**{¶23}**  As the list is not exhaustive, a court can find other factors relevant as well.  *Morris*, 7th Dist. No. 131 MA 19 at ¶ 22.  "For instance, the length of time between the charges and the plea and the various occurrences on the docket prior to the plea are also relevant considerations that can support a determination that there existed thoughtful consideration of the plea and the ramifications of it versus taking the case to trial."  *Id.*, citing *State v. Lundy*, 7th Dist. Mahoning No. 07MA82, 2008-Ohio-1535, ¶ 23.  Since the evaluation involves the trial court's discretionary weighing of the factors, no one factor is conclusive.  *Morris*, 7th Dist. No. 131 MA 19 at ¶ 22, citing *State v. Leasure*, 7th Dist.

Belmont No. 01BA42, 2002-Ohio-5019, ¶ 19.  We proceed to review the factors in light of the particular circumstances in this case.

{¶24}  First, the record establishes Appellant received competent representation.  The court pointed to counsel's 27 years of practice and said he was highly competent.  Counsel negotiated a plea involving the dismissal of the one of the charges and secured a recommendation of twelve months from the state, when the maximum on the remaining offense was thirty-six months.  Counsel advised Appellant they could present a strong case to a jury, but Appellant made the choice to accept the plea.  (A further argument on counsel's representation is made in the second assignment of error, which we incorporate here as well.)

{¶25}  Second, Appellant understood the nature of the charges and the potential sentence.  At the plea hearing, Appellant said he knew he was charged with the offense of having a weapon while under disability and what that meant.  The court nonetheless noted the state was essentially alleging he had a prior felony conviction that prohibited him from being in possession of a firearm, and Appellant said he had no question on the elements of the offense.  (Plea Tr. 6).  As to the penalties, Appellant said he understood the offense was a felony of the third degree subject to a sentence of 9, 12, 18, 24, or 36 months in prison and a fine of $10,000 and the court was not bound by the recommendation of the state or defense counsel.  (Plea Tr. 7-8).  Appellant also said he understood he could be placed on post-release control for up to three years and the ramifications explained by the court (about a violation or a new offense).  (Plea Tr. 9-10).

{¶26}  The written plea agreement additionally explained the penalties he faced upon pleading guilty and showed the improper handling of a firearm in a motor vehicle charge was being dismissed while he was pleading guilty to the offense of having a weapon while under disability.  Appellant knew he was still being charged for the firearm offense, notwithstanding his claim that he did not own or possess it.  At the plea withdrawal hearing, he did not specifically argue he did not understand the charge but argued the plea made no sense if he did not possess the gun.

{¶27}  Third, Appellant's counsel acknowledged there was no issue with the extent of the Crim.R. 11 hearing.  In determining Appellant understood the nature of the charges and the penalty, the court complied with Crim.R. 11(C)(2)(a).  The court also advised the

guilty plea was a complete admission to the charge and the court could proceed immediately to sentencing in compliance with Crim.R. 11(C)(2)(b). The court fully explained each of the constitutional rights Appellant would be waiving, and Appellant said he understood each of those rights as required by Crim.R. 11(C)(2)(c). (Plea Tr. 11-15).

**{¶28}** Fourth, Appellant takes no issue with the extent of the plea withdrawal hearing. The trial court even continued the sentencing hearing (set after Appellant was arrested) upon defense counsel's notice that Appellant wished to file the plea withdrawal motion. Appellant had an abundance of time to prepare for the plea withdrawal hearing. The hearing was unrestricted, and no limits were placed on Appellant's ability to present his case for the plea withdrawal. Appellant clearly received a full and fair plea withdrawal hearing.

**{¶29}** Fifth, the trial court gave full and fair consideration to Appellant's motion. This is evidenced by the extent of the hearing just discussed, the court's observation at the hearing that it researched this district's case law, and the trial court's verbal review of the applicable factors (as set forth in our Statement of the Case supra). The trial court also noted its review of the factors in the judgment entry denying Appellant's motion.

**{¶30}** Sixth, the reasons for the motion were not compelling. Appellant suggested he lacked an understanding of counsel's recommendation to proceed to trial. Yet, as he recognized, the decision was his to make. He also indicated "he was going over the facts of the case" and realized that he should not have pled guilty if he did not possess the gun. (Mot.Tr. 13). Appellant suggested his failure to properly consider the situation may have been because he was on "psych meds" prescribed by the jail. (Mot.Tr. 15). However, the trial court found there was no indication Appellant was under the influence of anything that would affect his understanding of the charge and the evidence against him. The court also reviewed the facts surrounding the discovery of the gun which were seen as incriminating as to the element of Appellant's possession of the gun. The trial court could properly use its first-hand observations and discretion to find Appellant's claim lacked credibility. *Xie*, 62 Ohio St.3d at 525.

**{¶31}** We note plea discussions occurred in this case at other pretrials before the plea hearing. Furthermore, the trial court pointed out Appellant had prior convictions, including for improperly handling a firearm in a motor vehicle, and had been through the

plea-bargaining process in the past. There were also suggestions the actual motive for seeking plea withdrawal was Appellant's realization that his intended sentencing arguments for community control may no longer be successful because he missed the sentencing hearing and was arrested for a new crime thereafter. (This also allowed the state to withdraw its recommendation of only one year in prison, which was never binding on the trial court in any event.) The good faith, credibility, and weight of the movant's assertions in support of a Crim.R 32.1 motion are primarily questions for the trial court. *Xie*, 62 Ohio St.3d at 525. The trial court could reasonably conclude that Appellant merely had a change of heart as to whether he should take his chances by allowing both charges to be presented to a jury, rather than proceeding with the plea agreement.

**{¶32}** Seventh, Appellant claimed he was innocent and had a complete defense, emphasizing the co-defendant took responsibility for the firearm. The court did not find this constituted a complete defense. The court reiterated the facts which could be seen as incriminating Appellant, notwithstanding the lack of direct contact possession and the admission by the passenger as to the offense of improperly handling a firearm in a motor vehicle (a different offense than the one to which Appellant pled guilty).

**{¶33}** As to statements on ownership, the state points out ownership was not an element of either offense. As to the possession arguments, the state points to law on constructive possession, circumstantial evidence, and joint possession. *See, e.g., State v. Floyd*, 7th Dist. Mahoning No. 18 MA 0106, 2019-Ohio-4878, ¶ 16-17, citing *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351 (1976) ("Possession of stolen property may be individual or joint, actual or constructive."). *See also Maryland v. Pringle*, 540 U.S. 366, 371-373, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (finding it reasonable to infer multiple occupants of a vehicle exercised dominion and control over incriminating items).

**{¶34}** Moreover, the co-defendant pled guilty to improper handling of a firearm in a vehicle under R.C. 2923.16(B), while Appellant received a dismissal of that charge and pled guilty to having a weapon while under disability under R.C. 2923.13(A)(3). It could be he did "knowingly acquire [or] have" the firearm in violation of R.C. 2923.13(A)(3), but it was the co-defendant's fault it was transported while still loaded in violation of R.C. 2923.16(B). As the state points out Appellant chose to plead guilty notwithstanding the co-defendant's guilty plea months earlier. This was expressed as one of the reasons

Case No. 20 MA 0094

counsel believed the case should be taken to trial when advising Appellant he may not wish to accept the plea. *See State v. Spivey*, 81 Ohio St.3d 405, 416, 692 N.E.2d 151 (1998) (plea withdrawal was unwarranted where the defendant knew of pending DNA tests when he entered his plea).

{¶35} Appellant's brief adds a contention that the stop was pretextual and the search was illegal, insinuating the plea should be withdrawn so he could obtain a suppression ruling. However, there was no indication this was a reason for the plea withdrawal below. As defense counsel suggested, the law was not favorable to the defense suppression position. "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091 (1996). Besides the late turn signal, the windows were illegally tinted, and a citation was issued for that offense.

{¶36} Then, as the officer was issuing the citation and ensuring Appellant was not the vehicle owner who was wanted in another state, a strong smell of fresh marijuana was noticed from inside the vehicle. "Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." *State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804 (2000) (smell of marijuana alone justified search of car).

{¶37} Plus, the passenger specifically admitted she was smoking marijuana and indicated there was still evidence of the drug in the vehicle. Then, on opening the driver's door for the valid drug search, he noticed a pistol magazine in easy reach of the driver; at this point, the passenger admitted there was a gun in the glove box. Furthermore, containers which could contain the substance can be searched where there is probable cause to search the vehicle for a substance. *Wyoming v. Houghton*, 526 U.S. 295, 301-307, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999) (passenger's purse).

{¶38} The probability of the suppression motion being granted was slight. Appellant chose to accept the plea offer and to withdraw the suppression motion, rather

than proceed on the suppression motion (containing arguments that are not as compelling as the brief suggests in a conclusory manner).

**{¶39}** Eighth, the plea withdrawal motion was filed more than four months after Appellant's plea was entered. We have opined that a plea withdrawal motion filed many weeks after a plea was entered and, on the day set for sentencing, "is a last minute motion practice that should be discouraged absent unusual circumstances." *State v. Grabe*, 7th Dist. Mahoning No. 19 MA 0115, 2020-Ohio-4435, ¶ 23 (where the motion was filed on the day before the continued sentencing hearing, which was six weeks after the plea), citing *Morris*, 7th Dist. No. 131 MA 19 at ¶ 30 (where the motion was filed on the day of sentencing, six weeks after plea), citing *Lundy*, 7th Dist. No. 07MA82 at ¶ 22. Appellant's sentencing hearing was continued multiple times. His motion was not filed until after he missed the sentencing hearing and committed a new offense. Although Appellant mentioned the pandemic and his uncertainty as to the courts being open, he was represented by counsel and did not contact counsel pending sentencing to raise his concerns about the plea.[1]

**{¶40}** Ninth, the state acknowledged the case against Appellant would not have been prejudiced by plea withdrawal; the state's only prejudice from withdrawal was the time and money to bring the case through a suppression hearing and trial which it thought had been avoided. Again, no one factor is dispositive; lack of prejudice to the state's case is merely one factor. *See Morris*, 7th Dist. No. 131 MA 19 at ¶ 22; *State v. LaBooth*, 7th Dist. Mahoning No. 15 MA 0044, 2017-Ohio-1262, ¶ 9 ("the state's failure to allege prejudice does not require that a motion to withdraw must be granted").

**{¶41}** Considering the totality of the facts and circumstances, the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea. The decision was studied and not arbitrary, there was no indication the decision was unconscionable, and the trial court's weighing of the various factors as balancing in favor

---

[1] On the timing of the motion, we note the trial court said, "despite the fact that it was recently filed, I'll make a finding that it was filed timely because I don't want Mr. Bunn not to have the opportunity for due process and ability to argue his concern, his motion." Contrary to the implications of this statement, the reasonableness of the timing of the motion is just one factor; a finding that it was unreasonable in timing would not have precluded Appellant from presenting his arguments. It may be the trial court merely meant the motion was still being construed as a pre-sentence motion even though it was filed after he missed sentencing (and not subject to the post-sentence manifest injustice standard).

of the state was not unreasonable. The trial court was entitled to exercise its sound discretion to deny appellant's presentence plea withdrawal motion by concluding there was not a reasonable and legitimate basis for the motion. This assignment of error is overruled.

ASSIGNMENT OF ERROR TWO: INEFFECTIVE ASSISTANCE

**{¶42}** Appellant's second assignment of error alleges:

"Defendant's Counsel was ineffective for failing to submit exculpatory evidence to the trial court in the form of the guilty plea of Elizabeth Martel-Velazquez on November 20, 2019 to improper handling of a firearm in case 2019 CR 843a."

**{¶43}** A claim of ineffective assistance of counsel requires a showing of both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If the performance was not deficient, then there is no need to review for prejudice and vice versa. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶44}** To show deficient performance, the defendant must show counsel's representation fell below an objective standard of reasonableness. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), citing *Strickland*, 466 U.S. at 687-689. Our review is highly deferential to counsel's decisions as there is a strong presumption the conduct fell within the wide range of what would be considered reasonable professional assistance. *Id.* There are "countless ways to provide effective assistance in any given case." *Id.*

**{¶45}** On the prejudice prong, a lawyer's errors must be so serious that there is a reasonable probability the result of the proceedings would have been different. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Lesser tests of prejudice have been rejected: "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d at 142, fn. 1, quoting *Strickland*, 466 U.S. at 693. Prejudice from defective representation justifies reversal only where the results were unreliable, or the proceeding was fundamentally unfair due to the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

**{¶46}** There is no indication counsel erred by failing to submit a copy of the judgment entry evidencing the co-defendant's plea, wherein she pled guilty to improper handling of a firearm in a motor vehicle. Appellant was jointly indicted with the co-defendant for the offense of improper handling of a firearm in a motor vehicle (and he was additionally charged with having a weapon while under disability). The co-defendant entered a plea before this trial judge at the November 18, 2019 pre-trial, two weeks before the original date of the joint trial. In the written plea withdrawal motion, counsel advised the court that one of the reasons Appellant wished to withdraw his plea was because the firearm "which gave rise to this charge, was in the possession of another party, and that person accepted responsibility."

**{¶47}** At the plea withdrawal hearing two weeks later, defense counsel began by saying he would "refresh [the judge's] memory" and then pointed out that "the co-defendant in this case has taken responsibility for the possession and ownership" of the weapon that was discovered in the car. (Mot.Tr. 3). Counsel later said, "So I've already indicated to you that there's another person taking responsibility * * * [as to] possession of the weapon." (Mot.Tr. 8). In speaking of his prior advice to Appellant before the March 10, 2020 plea, defense counsel mentioned "laying out the other codefendant as the culpable part[y]." (Mot.Tr. 14). In personally addressing the court, Appellant said one reason he wished to withdraw his plea was due to "the fact that somebody else took ownership and responsibility for this weapon." (Mot.Tr. 20).

**{¶48}** The court discussed this topic with Appellant at this point and in its concluding review of the plea withdrawal factors. (Mot.Tr. 20, 33-34). There is no indication the presentation of the court's own entry accepting the jointly indicted co-defendant's plea was necessary for proper representation under the circumstances. This was not a serious error falling below reasonable representation. And, there was no reasonable probability the submission of the entries on the co-defendant's plea would have altered the trial court's decision denying Appellant's plea withdrawal motion. The court appeared aware of all the surrounding circumstances.

**{¶49}** As for any suggestion in the brief that counsel rendered ineffective assistance because Appellant was not informed the co-defendant pled guilty and thus did not know she could provide testimony in his favor, this is not the impression gained from

the record. As the state points out, the co-defendant pled guilty four months before Appellant pled guilty. At Appellant's plea hearing, trial court advised him before accepting his plea that he had the right to confront and cross-examine witnesses called by the state at trial and he had the right to subpoena witnesses by compulsory process and thereby force them to attend the trial and provide testimony on his behalf. (Plea. Tr. 13).

**{¶50}** At the plea withdrawal hearing, Appellant said, "I just wanted to state the fact that somebody else took ownership and responsibility for this weapon" at which point the court interjected by saying, "Okay." Appellant then finished his thought by saying, "I didn't have any knowledge of." It appears Appellant was merely repeating his claim that he had no knowledge of the firearm; it does not appear he was saying he had no knowledge of his co-defendant's plea. In fact, he then clarified, "So that should exclude me because I didn't have any knowledge of this firearm." (Mot.Tr. 20).

**{¶51}** Even if he had claimed a lack of knowledge of the co-defendant's plea, the trial court could have rejected such claim as lacking in credibility. *Xie*, 62 Ohio St.3d at 525. As noted, Appellant and his co-defendant were scheduled for a joint trial; the trial was continued after they appeared for the pretrial, at which time the co-defendant pled guilty while Appellant waived his speedy trial rights and received a reduced bond. Counsel's statements at the plea withdrawal hearing indicate they considered the co-defendant's plea in evaluating the state's plea offer.

**{¶52}** In any case, the record contains no indication Appellant was unaware the co-defendant pled guilty (to improper handling of a firearm in a motor vehicle) four months before he pled guilty (to having a weapon while under disability). Deficient performance is not apparent in the record. This assignment of error is overruled.

**{¶53}** For the foregoing reasons, the trial court's judgment is affirmed.


Waite, J., concurs.

D'Apolito, J., concurs.


Case No. 20 MA 0094

[Cite as *State v. Bunn*, 2021-Ohio-2413.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**