[Cite as *State v. Butcher*, 2022-Ohio-928.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVID M. BUTCHER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 CO 0013

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2020 CR 363

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed.
Conviction Vacated.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, *Atty. Alec A. Beech* and *Atty. Danielle Menning*, Assistant Prosecuting Attorneys, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. Ronald Yarwood*, DeGenova & Yarwood, Ltd., 42 North Phelps St., Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: March 21, 2022

────────────────

**WAITE, J.**

{¶1} Appellant David M. Butcher appeals a May 26, 2021 Columbiana County Common Pleas judgment entry convicting him of one count of aggravated possession of drugs. Appellant argues that his trial counsel was ineffective for failing to introduce evidence that a codefendant admitted to ownership of a pipe used to smoke methamphetamine that served as the basis for his conviction. In addition, Appellant argues that his counsel was ineffective for failing to object to testimony from law enforcement that they saw him dump suspected drugs from a plastic baggie where chemical testing revealed that the substance was not a drug. For the reasons provided, Appellant's arguments have merit. The judgment of the trial court is reversed and Appellant's conviction is vacated.

Factual and Procedural History

{¶2} On October 27, 2019, Sgt. Brandon Smith of the Salem Police Department observed a vehicle with a burnt out rear break light. (Trial Tr., p. 127.) Sgt. Smith testified that he followed the vehicle in his cruiser until he observed it turn right without the use of a turn signal. He initiated a stop of the vehicle, which was owned and driven by Appellant's codefendant. Appellant was the sole passenger, and sat in the front passenger seat.

{¶3} The codefendant informed Sgt. Smith that her window controls did not work and she would have to open her door to speak to him. When the door opened, Sgt. Smith

Case No. 21 CO 0013

testified that he observed a strong chemical smell. When asked about the smell, she explained that she had recently used rubbing alcohol on her skin. Around this time, Officer Michael Garber arrived and walked towards the vehicle.

{¶4} As Officer Garber approached the vehicle, he saw Appellant reach behind him and appear to throw an object. (Trial Tr., p. 162.) Concerned that it could be a weapon, Officer Garber focused his attention on Appellant's hands. He saw Appellant reach behind him again and empty the contents of a plastic baggie onto the backseat floor. Concerned about the destruction of evidence, Officer Garber ordered Appellant to stop. Appellant shook the baggie again but it had already been emptied. Officer Garber ordered Appellant to exit the vehicle and Sgt. Smith assisted in handcuffing him. Officer Garber retrieved the empty baggie and scraped off a white crystal substance, which he presumed to be methamphetamine, from the backseat floor.

{¶5} Sgt. Smith then searched the codefendant's person and found a pill bottle which she admitted contained methamphetamine. The officers also searched Appellant's person but found no contraband. The officers then searched the vehicle and found a cellphone, a pack of cigarettes, and a glass pipe containing a residue of suspected methamphetamine lying on a jacket in the backseat. Despite her ownership of the vehicle, the codefendant denied possession of all items found in the backseat. Appellant told the officers the phone and cigarettes belonged to him, but the officers did not ask him about the jacket. Both parties denied ownership of the pipe.

{¶6} Appellant and the codefendant were both charged with possession of drug paraphernalia related to the pipe in municipal court. The codefendant pleaded no contest to possession charges. The identical charges against Appellant were dismissed without

Case No. 21 CO 0013

prejudice.  The dates of the dismissal of Appellant's charges and of the codefendant's plea are unknown.  However, it appears that the instant felony charge was pending at the time.  A secret indictment was filed on September 16, 2020 and included one count of aggravated possession of methamphetamine, a felony of the fifth degree in violation of R.C. 2925.11(A).

{¶7}   On May 19, 2021, the state filed a motion in limine seeking to prevent the defense from introducing evidence of the codefendant's plea and the dismissal of Appellant's municipal court charges.  The court did not rule on the motion.  However, at the close of trial, defense counsel informed the court that Appellant requested he present this evidence.  Defense counsel told the court that despite Appellant's wishes, counsel did not believe the evidence was relevant and would not seek its admission.  The trial court appeared to agree with defense counsel but did not officially enter a ruling, apparently because counsel did not move to admit the evidence.  Instead, this appears to be counsel's attempt to merely make a record of Appellant's concerns.

{¶8}   The following witnesses testified at trial:  Sgt. Smith, Officer Garber, and Ohio Bureau of Criminal Investigations ("BCI") forensic scientist Erin Miller.  All witnesses were called by the state.  The state introduced, and the trial court admitted into evidence, the following items:  the plastic baggie, the substance found on the backseat floor, the methamphetamine found in the codefendant's pill bottle, and the glass pipe.  While they were admitted as evidence against Appellant, the only testimony was that the methamphetamine in the pill bottle was attributed to the codefendant and the substance found on the floor was not a controlled substance.  The jury convicted Appellant on the sole offense as charged within the indictment, aggravated possession of drugs.

Case No. 21 CO 0013

{¶9}   On May 26, 2021, the trial court sentenced Appellant to a five-year community control term.  The court reserved the right to impose the maximum one-year term of incarceration in the event that Appellant violated the terms of his probation.  The court required Appellant to serve 120 days of his sentence in the Columbiana County Jail and awarded Appellant credit for two days served.  The court additionally referred Appellant for evaluation at the Eastern Ohio Correctional Center.  It is from this entry that Appellant timely appeals.

{¶10} On June 8, 2021, we granted Appellant's motion for a stay of sentence pending appeal.  The stay was conditioned on Appellant's adherence to the terms of his probation set out by the trial court.  On September 23, 2021, the state filed a motion to revoke Appellant's bond based on his failure to report to probation.  On November 12, 2021, we granted the state's motion and revoked Appellant's bond.  We acknowledged a reference within one of the attached affidavits that appeared to request a bench warrant.  While we retained jurisdiction for purposes of this appeal, we issued a limited remand to allow the trial court to address the bench warrant if it was, in fact, filed.  No proceedings have occurred at the trial court as of this time.  While Appellant's status is unknown to this Court, it is irrelevant to this appeal and does not affect its resolution.  For ease of understanding, Appellant's three assignments of error will be jointly addressed within a single analysis.

Law

{¶11} The majority of Appellant's arguments are based on claims of ineffective assistance of counsel.  The test for an ineffective assistance of counsel claim is two-part: whether trial counsel's performance was deficient and, if so, whether the deficiency

resulted in prejudice. *State v. White*, 7th Dist. Jefferson No. 13 JE 33, 2014-Ohio-4153, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107. In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 11, citing *Strickland* at 694. The appellant must affirmatively prove the alleged prejudice occurred. *Id.* at 693.

{¶12} As both are necessary, if one prong of the *Strickland* test is not met, an appellate court need not address the remaining prong. *Id.* at 697. The appellant bears the burden of proof on the issue of counsel's effectiveness, and in Ohio, a licensed attorney is presumed competent. *State v. Carter*, 7th Dist. Columbiana No. 2000-CO-32, 2001 WL 741571 (June 29, 2001), citing *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶13} The remainder of Appellant's argument involves the sufficiency of the evidence and manifest weight of the evidence. "Sufficiency of the evidence is a legal question dealing with adequacy." *State v. Pepin-McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. Jefferson No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St.

486, 124 N.E.2d 148 (1955). When reviewing a conviction for sufficiency of the evidence, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 7th Dist. Mahoning No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt*, 7th Dist. Jefferson No. 09-JE-26, 2011-Ohio-1468, ¶ 34.

**{¶14}** In reviewing a sufficiency of the evidence argument, the evidence and all rational inferences are evaluated in the light most favorable to the prosecution. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). A conviction cannot be reversed on the grounds of sufficiency unless the reviewing court determines no rational juror could have found the elements of the offense proven beyond a reasonable doubt. *Id.*

**{¶15}** Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Emphasis deleted.) *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. It is not a question of mathematics, but depends on the effect of the evidence in inducing belief. *Id.* Weight of the evidence involves the state's burden of persuasion. *Id.* at 390, 678 N.E.2d 541 (Cook, J. concurring). The appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, citing *Thompkins*, at 387, 678 N.E.3d 541, 678 N.E.2d 541. This discretionary power of the appellate court to reverse a conviction is to be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶16} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 118, quoting *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact is in the best position to weigh the evidence and judge the witnesses' credibility by observing their gestures, voice inflections, and demeanor. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The jurors are free to believe some, all, or none of each witness' testimony and they may separate the credible parts of the testimony from the incredible parts. *State v. Barnhart*, 7th Dist. Jefferson No. 09 JE 15, 2010-Ohio-3282, ¶ 42, citing *State v. Mastel*, 26 Ohio St.2d 170, 176, 270 N.E.2d 650 (1971). When there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, we will not choose which one is more credible. *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

## ASSIGNMENT OF ERROR NO. 1

Appellant was denied the effective assistance of counsel, depriving him of a fair trial pursuant to both the United States and Ohio constitutions.

## ASSIGNMENT OF ERROR NO. 2

The verdict was based on insufficient evidence as the state failed to prove either actual or constructive possession.

## ASSIGNMENT OF ERROR NO. 3

The verdict was against the manifest weight of the evidence.

Case No. 21 CO 0013

{¶17} Appellant asserts that his trial counsel knew of his codefendant's no-contest plea to possession charges related to the drugs and drug paraphernalia found in the car and that similar charges against him were dismissed after her plea was accepted. Appellant argues the failure to present this evidence at his trial cannot be seen as reasonable trial strategy and resulted in ineffective assistance of counsel.

{¶18} Appellant also argues that his counsel was ineffective for failing to object to statements made during Sgt. Smith and Officer Garber's testimony. Officer Garber testified that the codefendant claimed Appellant owned all of the items found on the backseat, which would include the pipe. Second, Appellant argues his counsel was ineffective for failing to object to Officer Garber and Sgt. Smith's testimony that he dumped drugs out of a plastic baggie. Because the BCI testing showed that the powder was not an illegal substance, Appellant believes the testimony misled the jury.

{¶19} In response, the state argues that evidence of the codefendant's plea would only have served to confuse the jury, as the state would have had to explain concepts such as plea negotiations, litigation, no contest pleas, docket management, efficiency, and judicial economy. Even so, the state contends that a no contest plea is not an admission of guilt, thus the fact that the codefendant pleaded guilty to ownership of the contraband does not affect Appellant's guilt. As to the officers' testimony, the state responds by arguing that neither officer testified that he dumped methamphetamine. Instead, the officers testified that he dumped a substance that they believed was a drug. Even so, the state urges that the record clearly indicates that the powder was not a controlled substance.

{¶20} Where possession is at issue, "[o]wnership does not need to be proven and circumstantial evidence can be relied upon to establish constructive possession." *State v. Floyd*, 7th Dist. Mahoning No. 18 MA 0106, 2019-Ohio-4878, ¶ 16, citing *State v. Sykes*, 7th Dist. Mahoning No. 16 MA 0162, 2018-Ohio-983, ¶ 17, citing *State v. Treesh*, 90 Ohio St.3d 460, 485, 739 N.E.2d 749 (2001). As we recently noted, an object can be individually or jointly possessed. *State v. Bunn*, 7th Dist. Mahoning No. 20 MA 0094, 2021-Ohio-2413, ¶ 33. Further, an individual may actually or constructively possess an object. *Id.*

{¶21} While multiple people can jointly possess an item, such as a pipe, the issues in this case extend beyond this principle. At issue in this case is whether counsel's performance amounted to reasonable trial strategy, particularly whether defense counsel effectively responded to the joint possession argument. In every case, defense counsel is charged with creating reasonable doubt in the jury wherever possible. There is no question that defense counsel was aware of the codefendant's plea. After a review of the entire record in this matter, it is difficult to imagine a scenario where counsel's failure to raise, or even attempt to raise, evidence of that plea is reasonable trial strategy. Even the state had difficulty creating such a scenario at oral argument, and is presumably why the state filed a motion in limine seeking to exclude evidence of that plea at trial.

{¶22} The evidence of the codefendant's plea is significant, as officers found methamphetamine on the codefendant's person and found no contraband during a search of Appellant. Importantly, the codefendant owned and operated the vehicle where the pipe was found. A legitimate argument existed that Appellant was a mere passenger and was not associated with the drug activity. Whether this argument would be accepted by

a jury is irrelevant, as the focus, here, is on the reasonableness of the trial strategy employed by defense counsel. The fact that defense counsel had knowledge of evidence that could create reasonable doubt but did not even attempt to introduce such evidence cannot be seen as reasonable trial strategy.

{¶23} Evidence of the codefendant's plea is relevant to show that the individual who owned and operated the car and had drugs on her person is the person who owned and possessed the pipe, not the mere passenger who had no other evidentiary ties to any drug activity. If this were the only deficiency, it may not have had a truly prejudicial impact. However, this error becomes more glaring when considering Appellant's remaining arguments, which include a series of comments that were made during Sgt. Smith and Officer Garber's testimony.

{¶24} While Appellant objects to several aspects of the officers' testimony, the critical testimony involved the officers' description of Appellant's actions as they approached the vehicle. Officer Garber first testified that chemical testing revealed that the substance he scraped from the backseat floor was not a controlled substance, particularly methamphetamine. However, without objection he followed this admission with his belief that the testing did not reveal the presence of a controlled substance because Appellant "did a good job of destroying the evidence. Based off the time of the year, I could have been collecting rock salt off the floorboard from someone's shoes." (Trial Tr., p. 179.) Officer Garber continued to press the issue in his testimony, at one point stating that because Appellant "had successfully tampered and destroyed with whatever was inside there that there wasn't enough to test." (Trial Tr., p. 175.)

**{¶25}** Despite the fact that Appellant had not been charged with tampering with evidence, the prosecutor built on Officer Garber's theory at closing, where he stated:

And when I asked Patrolman Garber if he was surprised that whatever he had gotten off of the floorboard didn't test positive for drugs, he said he wasn't surprised at all, and that he didn't know what he was getting at that point. It could have been salt, because it was October and it was cold out, and he did his best to get what he could, but wasn't surprised about what was -- what that substance tested for.

So [Appellant] was able to get rid of whatever that was, likely methamphetamine.

(Trial Tr., p. 211)

**{¶26}** Officer Garber's testimony and the prosecutor's closing argument, in a vacuum, are problematic. In addition, the state introduced evidence unrelated to the charges in the indictment that could only be described as irrelevant and prejudicial. Although it was clear that the charges against Appellant were limited to alleged possession of the pipe, the state presented to the jury and the court admitted into evidence: the unknown substance Officer Garber scraped from the backseat floor (state's exhibit 2), a paper fold that contained methamphetamine which was found inside the pill bottle seized from the codefendant (state's exhibit 3), and the plastic baggie containing an unknown residue (state's exhibit 4). See Trial Tr., pp. 174-175; 201-202.

**{¶27}** The methamphetamine found on the codefendant is completely irrelevant to any charges pertaining to Appellant and there is no evidence in this record that

Appellant even knew about these drugs. The fact that the drugs seized from the codefendant were not only presented at trial, but admitted into evidence, could only serve to confuse and inflame the jury. There was absolutely no connection between this evidence and Appellant. Defense counsel did object to this evidence, but the trial court overruled that objection. There is no reasonable explanation for this evidence to have been admitted at Appellant's trial. It was error to have admitted this evidence, and this error compounded the objectionable testimony of Officer Garber and counsel's failure to raise the issue of the codefendant's plea.

{¶28} Additionally, the plastic baggie, which apparently had a small crystalline-like substance lodged in the corners, was not subjected to chemical testing but was admitted into evidence. The state's decision to offer this evidence can only be seen as an attempt to support the theory that the substance dumped from the baggie was, in fact, methamphetamine even though the substance removed from the floor tested negative for a controlled substance. In addition, Appellant was not charged with possession of methamphetamine related to the baggie or the contents of the material scraped from the floor. Again, this evidence could only serve to confuse and mislead the jury. It was both irrelevant and prejudicial, and thus, inadmissible.

{¶29} Absent the objectionable testimony and the irrelevant evidence, the state would be left to proceed with a relatively weak case against Appellant. Again, his charge was based on possession of the pipe. Had the jury not heard the testimony or been aware of the evidence that was erroneously admitted, and had they been made aware that the codefendant pleaded guilty to possession of that same pipe, we cannot say that Appellant's outcome would not have been different. It appears from this record that the

cumulative effect of those errors prejudiced Appellant to such an extent that reversal of his conviction is warranted, here.

Conclusion

{¶30} Appellant argues that his trial counsel was ineffective for failing to introduce evidence that a codefendant admitted to ownership of drug paraphernalia and drugs that served as the basis for his conviction and for failing to object to testimony from law enforcement. Standing alone, counsel's failure to introduce the codefendant's plea, while questionable, may not have amounted to prejudice. However, failure to object to police testimony where the officers continued to insist that Appellant possessed a controlled substance even though the substance had tested negative, coupled with the admission of irrelevant and highly prejudicial evidence clearly shows that Appellant was denied a fair trial in this matter. Appellant argues that his conviction must be reversed based on the cumulative effect of these errors. For the reasons provided, Appellant's arguments have merit and the judgment of the trial court is reversed and Appellant's conviction is vacated.

Robb, J., concurs.

D'Apolito, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is reversed. Appellant's conviction is hereby vacated. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**