[Cite as *State v. Brandon*, 2026-Ohio-48.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| STATE OF OHIO : | |
| : | C.A. No. 2025-CA-38 |
| Appellee : | |
| : | Trial Court Case No. 23-CR-479 |
| v. : | |
| : | (Criminal Appeal from Common Pleas |
| DASHAUN EUGENE BRANDON : | Court) |
| : | |
| Appellant : | **FINAL JUDGMENT ENTRY &** |
| : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 9, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

ALANA VAN GUNDY, Attorney for Appellant
ROBERT C. LOGSDON, Attorney for Appellee

TUCKER, J.

**{¶ 1}** Dashaun Eugene Brandon appeals from his conviction following a guilty plea to one count of trafficking in a fentanyl-related compound, a second-degree felony.

**{¶ 2}** Brandon challenges the trial court's overruling of a presentence motion to withdraw the guilty plea. He argues that withdrawal should have been allowed where he asserted his innocence, explained that he pled guilty out of fear and a lack of understanding, and claimed to have proof that the drugs at issue were not his.

**{¶ 3}** We see no abuse of discretion in the overruling of Brandon's motion. Accordingly, we affirm the trial court's judgment.

**I. Background**

**{¶ 4}** A grand jury indicted Brandon on charges of trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, trafficking in cocaine, and possession of cocaine. He later pled guilty to trafficking in a fentanyl-related compound in exchange for dismissal of the other three charges and dismissal of an indictment in another case. The trial court accepted the guilty plea during a July 15, 2024 hearing. Brandon subsequently failed to appear for sentencing on August 7, 2024. He was arrested on a capias on February 12, 2025, and the trial court reset sentencing for March 18, 2025. One day before his scheduled disposition, Brandon moved to withdraw his guilty plea. The trial court addressed the motion at the outset of the sentencing hearing. After hearing from Brandon and his attorney, the trial court made several findings and overruled the motion. It

2

then sentenced Brandon to an indefinite prison term of four to six years. On March 24, 2025, the trial court journalized its ruling on the plea-withdrawal motion and separately filed a final judgment entry of conviction and sentence. This appeal followed.

## II. Analysis

{¶ 5} Brandon's sole assignment of error states:

**The trial court abused its discretion in denying Dashaun's presentence motion to withdraw his guilty plea where the court failed to appropriately consider all relevant factors under Crim.R. 32.1, and where Dashaun asserted his innocence, explained he pled only out of fear and lack of understanding, and stated he had proof that the drugs at issue were not his.**

{¶ 6} Brandon contends the trial court abused its discretion in overruling his presentence plea-withdrawal motion. He challenges the trial court's analysis of various factors relevant to the merits of the motion. He asserts that the trial court did not fully, fairly, or meaningfully apply the factors and that it gave insufficient weight to significant considerations, including among other things his assertion of innocence and the absence of prejudice to the State.

{¶ 7} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). The standard governing a presentence motion is considerably more lenient than the manifest-injustice standard applicable to a post-sentence motion. *State v. Fugate*, 2007-Ohio-26, ¶ 10 (2d Dist.). Even under the less

3

stringent standard, however, the right to withdraw a plea is not absolute. A trial court retains discretion to overrule a presentence plea-withdrawal motion. *Xie* at 527.

{¶ 8} We review a trial court's ruling on a plea-withdrawal motion for an abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977), paragraph two of the syllabus. A court abuses its discretion when its decision reflects an attitude that is unreasonable, arbitrary, or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id*. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id*.

{¶ 9} When evaluating a presentence plea-withdrawal motion, courts frequently consider the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion identified specific reasons for withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense, and (9) whether withdrawal would prejudice the State. *State v. Good*, 2023-Ohio-1510, ¶ 8 (2d Dist.). When evaluating these factors, a trial court employs "a balancing test, and no single factor is dispositive." *State v. Massey*, 2015-Ohio-4711, ¶ 30 (2d Dist.), citing *State v. Preston*, 2013-Ohio-4404, ¶ 20 (2d Dist.). The issue for the trial court is whether there is "a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at 527.

{¶ 10} Here Brandon's written motion did not specify a reason for his withdrawal

4

request. When asked at the outset of the sentencing hearing why he wanted to withdraw his plea, he responded, "Cause I'm innocent." He proceeded to say that the drugs at issue were not his and that he was not a drug trafficker. After hearing from Brandon and his attorney, the trial court found (1) that he was represented by highly competent counsel, (2) that he had received a full Crim.R. 11 hearing before entering his plea, (3) that he had been provided with a hearing on the withdrawal motion, (4) that the motion had been filed shortly before disposition and only after he had absconded for months, (5) that he claimed innocence, (6) that he understood the nature of the charges and possible defenses when he pled guilty, and (7) that he claimed to be innocent and have a defense but previously had admitted his guilt. The trial court found that withdrawing the plea would not be appropriate based on what it characterized as Brandon's mere "change of heart."

{¶ 11} After the trial court ruled, Brandon spoke again, claiming to have "so much proof" that he was not a drug dealer. He asserted that "family and everybody" would "vouch" for him. He asserted that the fentanyl belonged to a second person who apparently had fled from the scene with him. It appears that the fentanyl was found in a vehicle. Brandon told the trial court that the vehicle was not his, although he apparently had been in it. At that point, the trial court responded: "There was a time and place for this; and whether you were trafficking, whether you were potentially in possession, the fact of the matter is that we went over all of your rights; and at that time you said, in fact, that you were guilty of these charges." Brandon then claimed that he had not been "educated on this" at the time of his plea hearing and that he had been "scared." The trial court responded by expressing skepticism that he had become educated about his case on the eve of sentencing after disappearing for several months. It reiterated its belief that Brandon was not entitled to withdraw his plea, stating:

At this point, again, I believe that it is simply a change of heart. There was a

5

negotiated plea in this matter. Mr. Brandon received a benefit for that plea. He was given a full Criminal Rule 11 hearing where he said to the Court that he understood his rights. There is no issue with Mr. Brandon's competence or his intelligence and understanding of the negotiation process, as well as the plea process.

{¶ 12} Upon review, we reject Brandon's argument that the trial court did not fully, fairly, or meaningfully apply the factors identified above. The record reflects that the trial court adequately considered them and made findings on most of them. Although the trial court did not explicitly find that it gave full and fair consideration to the plea-withdrawal motion, the record shows that it did. The trial court also did not explicitly address prejudice to the State, but that factor alone was not dispositive. Even without prejudice, the trial court had discretion to overrule Brandon's motion. *State v. Bunn*, 2021-Ohio-2413, ¶ 40 (7th Dist.).

{¶ 13} Brandon insists that his discovery of a valid defense and his possession of a better understanding of his rights, his defenses, and the process controverted the trial court's finding that his motion was motivated by a change of heart. Based on the trial court's comments, however, it plainly was skeptical of his sudden claim of innocence and his vague assertion that he only recently had obtained an understanding of the case against him. Instead, the trial court believed that Brandon had a change of heart and simply wanted to take back his prior admission of guilt on the eve of sentencing after disappearing for months. Based on the record before us, we do not find that the trial court abused its discretion in overruling Brandon's motion. Its decision is supported by a sound reasoning process. Accordingly, the assignment of error is overruled.

### III. Conclusion

{¶ 14} The judgment of the Clark County Common Pleas Court is affirmed.

6

. . . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.